UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMANTHA MATTINGLY<br><br>    Plaintiff,<br><br>v.<br><br>WINDHAM PROFESSIONALS, INC.<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-03007<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Samantha Mattingly ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Windham Professionals, Inc. ("Defendant," or "WPI") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Indiana.

5. Plaintiff is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant WPI is a Massachusetts corporation with its principal place of business located at 380 Main Street, Salem New Hampshire 03079. Defendant's registered agent in Indiana is Corporation Service Company located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Indiana. [1]

## FACTS SUPPORTING CAUSE OF ACTION

7. Plaintiff's significant other ("Gerald") is a graduate of Lincoln Tech with an automotive technical degree. Plaintiff's significant other graduated with honors during his preparation for a successful career in his desired field.

8. While enrolled at Lincoln Tech, Gerald received numerous grants to pay for his tuition.

9. In 2016, Plaintiff began to receive calls from WPI attempting to collect an alleged debt ("subject debt") claiming to be owed by Gerald.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 7800. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Prior to the contacts, Plaintiff had no relationship with or knowledge of Defendant.

---

[1] Defendant states on its website that it assists "educational lending institutions in the loan repayment process." http://www.windhampros.com/services/services-overview/

12. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[2]

13. On the first, or one of the first, calls Plaintiff answered from Defendant, Plaintiff stated her identity and requested that Windham cease placing calls to her cellular phone.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular phone in an attempt to collect the subject debt after Plaintiff revoked consent to be contacted on her cellular phone.

15. Notwithstanding Plaintiff's request that Defendant's unwanted calls cease, Defendant placed or caused to be placed no less than 10 calls to Plaintiff's cellular phone between 2016 through the present day.

16. During the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Plaintiff's demand that she no longer receive calls to her cellular phone in relation to the subject debt fell on deaf ears and Defendant continued its phone harassment campaign.

## DAMAGES

19. Defendant's harassing phone calls have disrupted Plaintiff's daily life and general well-being.

---

[2] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from a credit report in which Defendant accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time and causing risk of injury by interrupting and distracting Plaintiff, the increased risk of personal injury due to disturbance and distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of his telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

29. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. As pled above, Defendant obtained Plaintiff's cellular number through "skip tracing," and thus never had any prior consent to place phone calls to Plaintiff's cellular phone. Any consent Defendant may have had to contact Plaintiff on his cellular was revoked verbally over the phone on at least one of the phone calls Plaintiff answered from Defendant.

31. Defendant violated the TCPA by placing no less than 10 harassing phone calls to Plaintiff's cellular phone from 2016 through the present day, using an ATDS without her prior express consent.

32. Moreover, as plead above, Plaintiff demanded that all calls regarding the subject debt cease being placed to her cellular phone.

33. As pled above, Plaintiff was harmed by Defendant's unwanted and unsolicited calls to her cellular phone.

34. Upon information and belief, Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite Plaintiff never having consented or permitted the calls, nor even having provided her cellular telephone number to Defendant.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection practice were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendant, through its agents, representatives, affiliates and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff SAMANTHA MATTINGLY requests that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41. Upon information and belief, the subject debt that Defendant was attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

42. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

43. Defendant's telephone communications to Plaintiff were made in connection with a collection of the subject debt.

44. Defendant used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

45. Defendant violated 15 U.S.C. §§1692d, e(2), and f through its unlawful collection practices.

    a. **Violations of FDCPA §1692d**

46. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking to collect the subject debt. Moreover, Defendant continued placing the calls after Plaintiff demanded that the calls in relation to the subject debt cease.

    b. **Violations of FDCPA §1692e**

47. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged subject debt. The alleged debt was never owed when Defendant demanded payment. Plaintiff did not have any legal obligation to pay the alleged subject debt that Plaintiff did not accrue.

### c. Violation of FDCPA §1692f

48. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the subject debt by placing phone calls to Plaintiff's cellular phone attempting to dragoon Plaintiff into paying the subject debt.

49. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

50. As stated above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff SAMANTHA MATTINGLY requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 31, 2017                                      **Respectfully Submitted,**

/s/ Marwan R. Daher                                         /s/ Omar T. Sulaiman
Marwan R. Daher, Esq. ARDC#6325465                          Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*                                     *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                     Sulaiman Law Group, Ltd
2500 S. Highland Avenue, Suite 200                          2500 S. Highland Avenue, Suite 200
Lombard, IL 60148                                           Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109                          Telephone: (630) 575-8181
mdaher@sulaimanlaw.com                                      osulaiman@sulaimanlaw.com

8